IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER NO. 13 |
| SAMSON C. CALLIS, | : CASE NO. 24-14227 AMC |
| DEBTOR, | : |
| PENNSYLVANIA DEPARTMENT OF REVENUE, | : HEARING DATE AND TIME : January 13, 2026 @ 10:00 a.m. |
| MOVANT, | : |
| V. | : |
| SAMSON C. CALLIS, | : |
| RESPONDENT, | : RELATED TO DOCKET NO. 23 |

**PENNSYLVANIA DEPARTMENT OF REVENUE'S**
**OBJECTION TO DEBTOR'S PROPOSED AMENDED CHAPTER 13 PLAN DATED**
**SEPTEMBER 9, 2025**

NOW COMES the Commonwealth of Pennsylvania, Department of Revenue (hereinafter "Department"), by and through its Office of Chief Counsel and Deputy Chief Counsel Jonathan W. Chatham, and files this plan objection as authorized by 11 U.S.C.§ 1324 for the following reasons to wit:

1. This objection is made on the grounds that the Plan does not comply with the provisions of Chapter 13, nor has the Plan been proposed in good faith as required by 11 U.S.C. § 1325(a)(1), and (3). The Debtor's obligation pursuant to 11 U.S.C. § 1322(a)(2), to provide for full payment of all claims entitled to priority under 11 U.S.C. § 507 has not been met, nor has Debtor provided for full payment of the Department's claims entitled to secure status under 11 U.S.C. § 506 as required by 11 U.S.C. § 1325(a)(5).

2. According to Department records, these returns still have not been filed. More

specifically, Debtor has the following unfiled returns: Personal Income Tax (XXX-XX-2536) for tax year 2020. Pursuant to the provisions of Title 11 U.S.C. § 1308(c), Debtor's proposed plan is not confirmable unless all the tax returns are filed and all tax principal and prepetition statutory interest amounts arising from such late-filed returns are added as additional unsecured priority state tax claims within the context of Debtor's amended Chapter 13 plan. If not, no proposed plan should be confirmed pursuant to 11 U.S.C. §§ 1308 and 1322.

3. Without the filing of the outstanding tax returns the Department cannot file a complete and liquidated claim against the Debtor, and the missing tax returns constitute priority tax claims which must be paid in full pursuant to 11 U.S.C § 1322.

4. As unfiled returns exist, it is not possible for the Department to determine a complete, accurate, and proper claim amount.

5. Pursuant to 11 U.S.C. § 1308, the Debtor should be required to file all outstanding tax returns at the following address:

> Pennsylvania Department of Revenue
> Office of Chief Counsel
> P.O. Box 281061
> Harrisburg, PA 17128-1061
> Attn: Phil Kilmer IV

Please make sure that the tax returns are signed, dated, and W-2 forms and Schedule C's are included, if appropriate.

6. Based upon Title 11 U.S.C. §§ 1308 and 1325, this post-October 17, 2005, Chapter 13 proposed plan may not be confirmed by this Court because of the Debtor's failure to file pre-petition state tax returns, as referenced above, or to provide the Department with any evidence or documentation to support why such returns need not be filed.

7. Ultimately, the Department must object to the Debtors' instant Plan because it is not

proposed in good faith and in compliance with 11 U.S.C. §§ 1322 and 1325.

WHEREFORE, the Department respectfully requests this Honorable Court deny confirmation of the Debtors' Proposed Chapter 13 Plan unless and until the Department's Objections have been cured and an amended plan is filed that accounts for the Department's claim(s) in the proper classification and amount.

Respectfully submitted by:

/s/Jonathan W. Chatham
Jonathan W. Chatham
Deputy Chief Counsel
PA Department of Revenue
Office of Chief Counsel
P.O. Box 281061
Harrisburg, PA 17128-1061
PA I.D. # 209683
Phone: 717-783-3673
Facsimile: 717-772-1459
